FILED

**Theodore Kyriazis**
Plaintiff, in *propia persona*
9903 Santa Monica Blvd., Suite 485
Beverly Hills, California 90212
Office: 310-278-9683
Fax: 310-278-9684

2010 NOV 23 PM 2: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

| | |
|---|---|
| **Theodore Kyriazis,** §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>Studio 4 Equity Group, LLC, §<br>Nadid H. Massoudi, Naghme Nicki Saedi, §<br>Beverly Hills Platinum Realty, §<br>Kim Fung Lee, Mauricio Pensamiento, §<br>Bruce Ly, Jr., Bruce Ly, Jr., LLC, §<br>Hillcrest Chateau, LLC, §<br>Guyane Sadikian, §<br>Cabot Capital, Inc., §<br>Donald Bergman, Futura Investments, Inc. §<br>Yigal Tzfira, §<br>Persai Behara, Mirage Title, Inc., §<br>Paul Dan Dao, §<br>Capricorn 3 Development, LLC, §<br>John & Jane Does 1-10, inclusive, §<br>    Defendants. § | CIVIL ACTION NUMBER<br>**2:10-cv-08321-JFW (RZx)**<br><br>FIRST AMENDED COMPLAINT<br>FOR DAMAGES DUE TO<br>RACKETEERING<br>**18 U.S.C. §§1961-1964** and<br>for Declaratory Judgment to Void<br>and Set Aside Confirmed Chapter 11<br>Plan due to fraud pursuant to<br>**11 U.S.C. §1144**<br><br>Related Central District of<br>California Bankruptcy Case:<br>**2:09--bk--41693--PC**<br><br>TRIAL-BY-JURY DEMANDED of<br>ALL ISSUES SO TRIABLE under<br>the SEVENTH AMENDMENT &<br>28 U.S.C. §§1861 *et seq*. |

**FIRST AMENDED COMPLAINT FOR DAMAGES & TO SET ASIDE
CHAPTER 11 PLAN**

**1.**     Comes now the Plaintiff, Theodore (aka Theodoros) Kyriazis with this his

First Amended Complaint for Damages due to Racketeering and for a Declaratory

Judgment to Set Aside a Confirmed Chapter 11 Plan due to fraud pursuant to 11

U.S.C. §1144 and Fed R. Bankr. Pro. 7001(4) (U.S. District Court has original

jurisdiction of all Bankruptcy Matters, but if necessary, Plaintiff Theodore Kyriazis

1   asks that this Court treat the present Complaint as a Motion to Withdraw the Order

2   of Reference to Bankruptcy Court---the Bankruptcy Courts of the Central District of

3   California apparently being stretched beyond their limits by the present economic

4   crisis).

5   2.      This Court has original Federal Question Jurisdiction pursuant to 18 U.S.C.

6   §1964(c), 28 U.S.C. §§1331 and 1334, and Supplemental Jurisdiction over

7   inextricably intertwined state law claims pursuant to 28 U.S.C. §1367.  State Court

8   claims include breach of the covenant of good faith and fair dealing, fraud in the

9   inducement, quiet title with regard to fraudulently induced transfer to Walden

10  Chateau and (in effect) its owners/real parties in interest (Walden Chateau, LLC, is

11  herein alleged to be a sham entity).

12  3.      Most important among these state law claims is Theodoros Kyriazis' demand

13  for specific performance of all the terms of his contract with a sham entity known as

14  "Walden Chateau, LLC," whose identity Plaintiff demands that this Court to

15  disregard (also primarily on grounds of California State law), but also on grounds of

16  actual fraud within the meaning of 11 U.S.C., §548(a)(1)(A), in that Plaintiff alleges

17  and will prove that:

18          the debtor (**Walden Chateau, LLC**) voluntarily or involuntarily—
19          (A) made such transfer or incurred such obligation with actual intent to
            hinder, delay, or defraud any entity to which the debtor was or became,
20          on or after the date that such transfer was made or such obligation was
            incurred, indebted...
21

22  BACKGROUND TO AND RECENT DEVELOPMENTS IN THE CASE

23  4.      The Defendants' scheme to defraud in this case is simultaneously

24  overwhelming and incredibly trivial.  The Defendants, individually and acting in

25  concert, have devoted a huge amount of time, energy, and criminal genius into

26  acquiring a property which they apparently could not otherwise acquire at a small

27  discount to make a small profit, with great and profound injury to no one except the

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                 2
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1  Plaintiff, and no great or profound benefit to anyone, including the Defendants

2  (insofar as the Plaintiff can determine on the evidence now available to him).

3  5.    The disproportionately destructive efforts used by the Defendants can best be

4  compared or analogized hypothetically to the use of an M203 grenade launcher or

5  maybe even an M198 Howitzer to eliminate an infestation of gophers in a golf

6  course: the pesky rodents will be wiped out and removed, along with the golf course,

7  and of course, in the process, more than a couple of Federal Weapons laws will have

8  been violated.

9  6.    Plaintiff originally filed suit to prevent implementation of a Chapter 11 Plan

10  for sale of his former residence at 508 Walden Drive in Beverly Hills, owing to the

11  Defendants' fraudulent purchase and subsequent fraudulent bankruptcy.

12  7.    The U.S. District Clerk's Record in this case will show that within a few days

13  of filing the original Complaint, the Defendants went on a berserk filing spree to

14  remove the Lis Pendens which Plaintiff had filed against the subject property to

15  prevent the implementation of the plan by the sale.  The Defendants stated that they

16  would suffer irreparable injury if a certain sale did not take place on November 10,

17  2010, and that Plaintiff's Lis Pendens was in fact going to prevent the sale from

18  happening on that date.

19  8.    Last week, as Plaintiff submitted in his RICO Case Statement filed on

20  Thursday, November 18, 2010, Plaintiff had just discovered that the subject

21  property was already transferred from Walden Chateau, LLC, to Studio 4 Equity

22  Group, LLC, on a Grant Deed dated October 19, 2010 (Recorded November 4,

23  2010---see Exhibit A).

24  9.    The grant deed recites that the transfer is made "pursuant to case no. 41693"

25  and specially stamped or marked separate from the legally operative language of the

26  grant text, "This is a court-ordered conveyance or decree that is not pursuant to a

27  sale, R&T 11911" (See also Exhibit A).

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*
*Void Confirmed Chapter 11 Plan, Filed November 23, 2010*                    3

10.     However, the Chapter 11 Second Plan, as correctly submitted to this Court by the Defendants as evidence attached to Document 14, Filed 11/08/10 in this case, on page 34 of 57 (Page 11 of the Plan, Section II, ¶10), states plainly, "A new entity, owned by former Debtor insiders, will purchase the property in an arm's length transaction free and clear for $2,296,381.99).

12.     While the current owner of 508 North Walden Drive, Beverly Hills, CA 90210, A.P. #4345-030-014 is indeed Studio 4 Equity Group, LLC, whose managing partner is Defendant Kim Fung Lee, there is clearly a serious discrepancy in that the October 19, 2010 transfer to Studio 4 Equity was NOT an arms length transaction (as indicated by the grant) but was represented in the paperwork to be a transfer in compliance with a Court order and not a sale.

13.     Defendants had attached a set of Escrow Instructions to that same Document 15 indicating that Walden Chateau, LLC would convey to Studio 4 Equity "as an accommodation, and prior to this transaction." (Document 14, Page 42 of 57, Cover Page "Beverly Hills Escrow."

14.     Accordingly, either the Defendants falsely recorded the title transfer from Walden Chateau, LLC to Studio 4 Equity Group, LLC, claiming that it was a court-ordered transfer when it was in fact a sale.

15.     Or else, alternatively, it appeared possible as of November 18, 2010, that the true purchasers of 508 Walden were the purchasers FROM Studio 4 Equity Group, LLC, namely Nadid H. Massoudi and Naghme Nicki Saedi, and that these are the "former Debtor insiders" who were to purchase the plan in an arm's length transaction free and clear for $2,296,381.99" in which case the key fraud is that Massoudi and Saedi agreed to pay $2,650,000.00 for the property in question, which constituted a fraud on the bankruptcy court whose plan was for a sale of $353,000.00 less.

16.     The Court should note that this $2,650,000.00 sales price was enough to have

*Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to Void Confirmed Chapter 11 Plan, Filed November 23, 2010*                    4

1    repaid the Plaintiff according to the original contract, which was in any case

2    repudiated and aborted by the Defendants' conduct, but according to the terms of

3    the Escrow Papers, the figure of $2.65 million still represented a $100K discount

4    from the original sales price of $2.75, so that all of the Defendants' repeated

5    representations about the declining market value of the house at 508 Walden Drive

6    in Beverly Hills was just as false and frivolous in the present case as Plaintiff

7    Theodore Kyriazis had consistently maintained that the Walden Chateau, LLC,

8    Defendants' Contention had been throughout the bankruptcy court proceedings.

9    17.    On Friday, November 19, 2010, Plaintiff (consulting the on-line data from the

10   Los Angeles County Property records office) discovered that this sale which he was

11   supposed to have caused irreparable injury by preventing had in fact taken place as

12   scheduled, to wit: On 11/10/2010 Studio 4 Equity Group Llc Sold the house to

13   **Saedi Naghme N 2009 Trust**
     **11301 W Olympic Blvd #802**

14   **Los Angeles, CA 90064**

15   18.    Simultaneously, on this day, Plaintiff's original first loan with Wells Fargo

16   Bank is paid in full while Plaintiff's second with Bank of America is still active.

17   19.    Plaintiff Theodore Kyriazis alleges that Naghme Nikki Saedi was an

18   undisclosed "insider" of the Debtor Walden Chateau, LLC, in the bankruptcy

19   proceedings, possibly along with Nadid H. Massoudi, and that the Debtor's failure to

20   disclose the full-range of investors with "inside information"/who were de facto

21   insiders at Walden Chateau, LLC, would include not only Saedi and Massoudi, but

22   also Donald Berman, Guyane Sadikian, Maurcio Pensamiento, and Yigal Tzfira,

23   among others.

24   20.    Plaintiff further alleges that these Defendants' failure to disclose the true list of

25   insiders, and their true activities, roles, and levels of investment in the Debtor, or

26   their role in planning the bankruptcy strategy for defrauding the Plaintiff, was just

27   part and parcel of the bankruptcy fraud perpetuated by the Walden Chateau, LLC,

28   *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                    5
     *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1   debtors, first on the U.S. Bankruptcy Court, and now perpetuated in this U.S.

2   District Court.  The Defendants' brash arrogance is nothing if not brazen, but it is,

3   frankly, simultaneously baffling and bewildering.

4   21.   Accordingly, every word written by Kim Fung Lee's Defense Counsel Marc

5   Evan Weitz on the weekend of November 7-8, 2010, was either a lie designed to

6   cover up the intended sale or was a lie trying to intimidate the Plaintiff into backing

7   off his claim that the entire transaction and bankruptcy history of Walden Chateau,

8   LLC was fraudulent, only careful and probing discovery will determine for sure, but

9   whatever the motive, all of the Emergency Motions, Motions to Shorten Time, and

10  related submissions to the Court in this case were some sort of smokescreen, plan of

11  harassment, or both.

12  22.   The simple truth is that Defendants have proceeded as if this case did not

13  exist, have suffered no delay in their plans, however illegitimate, and all their noise

14  and bluster to the contrary is just frivolous noise and bluster, "a tale told by an idiot,

15  full of sound-and-fury, signifying nothing." (Shakespeare, *Macbeth*, Act V, Scene 5).

16  23.   Accordingly, in this his First Amended Complaint, filed within 21 days of his

17  original filing, Plaintiff adds the November 10, 2010, sale by Studio 4 Equity Group,

18  LLC, to the summary and description of the scheme to defraud of which the sale

19  either to Nadid H. Massoudi and Naghme Nicki Saedi (as per the Escrow papers), or

20  just (as above) to Naghme Nicki Saedi, to the history of the tightly knit web of

21  criminal and quasi-criminal transactions and occurrences giving rise to this case, and

22  24.   Accordingly, Plaintiff will ask this Court, upon final trial-by-jury or summary

23  judgment in his favor, to issue an order to cancel, set aside, and completely void the

24  November 10, 2010, sale and transfer to a party (Saedi) who, under these

25  circumstances, could no more be a bona fide purchaser for value as that term is

26  defined in California law than she could be the Pope in the Vatican City, Rome, or

27  Hillary Clinton in the U.S. Department of State.

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*          6
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

## COUNT I: BANKRUPTCY FRAUD REQUIRES THE COURT TO VOID CHAPTER 11 PLAN ENTERED SEPTEMBER 28, 2010 and TO PIERCE THE DEFENDANTS' CORPORATE VEIL

25.     Plaintiff realleges ¶¶1-24 of this First Amended Complaint and incorporates the same by reference as if fully copied and restated herein.  Plaintiff also realleges his entire RICO case statement submitted on November 18, 2010, and incorporates all of the allegations of the same by reference herein below.

26.     To the degree that the RICO allegations are more completely stated in the RICO case statement, the RICO case statement should be deemed and considered controlling.  To the degree that there are facts included in this First Amended Complaint which Plaintiff learned after November 18, 2010, the factual statements of ¶¶1-24 herein above should be considered and deemed more accurate and controlling of the course of litigation in this case, and as grounds for the shape of the eventual trial-by-jury which this Plaintiff demands, unless summary judgment first be granted in his favor.

27.     As an alleged debtor, Walden Chateau, LLC, was intentionally undercapitalized by its equity owners so as to conceal assets.  Nothing illustrates this concealment of assets more completely and accurately than the twin transfers of October (to Studio 4 Equity Group) and November (to Saede) 2010, whereby money miraculously was made available IN SPITE OF THE PENDENCY OF THIS LAWSUIT and NOTICE OF LIS PENDENS to fund a purchase and transfer whose sole purpose was to wipe out the Plaintiff's interest in 508 Walden Drive while simultaneously demonstrating that the Defendants had consistently deceived the Bankruptcy Court concerning the true market value of the property.

28.     WHEREFORE, by the failure of the Walden Chateau, LLC, equity owners to maintain a company bank account or pay insurance or taxes on the sole property

1   asset belonging to the LLC), justified an inference of "mere alter-ego" entity

2   justifying a piercing of the corporate veil and assessment of individual liability on

3   each Defendant who severely undercapitalized their alleged entity.

4   29.    Such undercapitalization is a form of Bankruptcy fraud such as that described

5   in 11 U.S.C. §§548(a)(1)(B)(ii)(II) & (IV) because the alleged debtor Walden Chateau,

6   LLC:

7   > (II) was engaged in business or a transaction, or was about to engage in
    > business or a transaction, for which any property remaining with the
8   > debtor was an unreasonably small capital;
    >
    > *          *          *          *          *          *
9   >
    > or
10  > (IV) made such transfer to or for the benefit of an insider, or incurred
    > such obligation to or for the benefit of an insider, under an employment
11  > contract and not in the ordinary course of business.

12  30.    For all these reasons and accordingly, this Complaint is framed based on the

13  proposition that this court can and must, and Plaintiff by his allegations does, "pierce

14  the corporate veil" and asks this court to Declare and Adjudge accordingly, that

15  Defendants (namely, the Walden Chateau, LLC, Equity Security Holders and then

16  the as yet incompletely known Studio 4 Equity Group, LLC, owners) Bruce Ly, Jr.,

17  Kim Fung Lee, and Paul Dao, as well as the supposedly "arms length purchasers"

18  Nadid H. Massoudi and Naghme Nicki Saedi, each be held personally liable for all

19  the torts and criminal conduct in which these Defendants engaged under the guise

20  and pretext of a single asset, single business, corporate entity in which the

21  Defendants lived, and/or did business, or used as their official address.

22  31.    Walden Chateau, LLC, (possibly, after discovery, together with Studio 4

23  Equity Group, LLC,) is identified and defined for purposes of this complaint solely

24  and exclusively as the Racketeering Enterprise which Bruce Ly, Jr., son of Kim Fung

25  Lee, and Paul Dao together operated with the aid and assistance of Kim Fung Lee's

26  "legitimate front" enterprise Defendant Beverly Hills Platinum Realty and its officers

27  or affiliates including co-conspirators Defendants Mauricio Pensamiento and

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                    8
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1  Guyane Sadikian, as well as the original Defendants' hypothetically "arms-length,

2  bona fide," purchasers Nadid H. Massoudi and Naghme Nicki Saedi, (whom

3  Plaintiff alleges, for his part, were no such thing as bona fide purchasers, and simply

4  could not have been under these circumstances).

5  32.   The Walden Chateau, LLC, Defendants conspired further together to injure

6  the Plaintiff in his business or property by engaging in a course of criminal conduct

7  with Defendants Studio 4 Equity Group, LLC, Nadid H. Massoudi, Naghme Nicki

8  Saedi, Beverly Hills Platinum Realty, Bruce Ly, Jr., LLC, Hillcrest Chateau,

9  LLC,Cabot Capital, Inc., Donald Bergman, Futura Investments, Inc., Yigal Tzfira,

10  Persai Behara, Mirage Title, Inc., Capricorn 3 Development, LLC, and John & Jane

11  Does 1-10, inclusive, whose true names will be substituted in by notice or amended

12  pleadings as soon as such names become known to the Plaintiff.

13  33.   All of the actions taken in the name of Walden Chateau, LLC, should be

14  deemed and taken, for purposes of this Complaint, as the individual actions with full

15  personal responsibility on the part of Bruce Ly, Jr., Kim Fung Lee, and Paul Dan

16  Dao, and/or each and all of their co-conspirators, especially but not limited to

17  Mauricio Pensamiento and Gayane Sadikian who are also (upon information and

18  belief) full-time residents, business users, and real party-in-interest purchasers of that

19  certain property known as 508 Walden Drive in Beverly Hills, California 90210,

20  from which the "Walden Chateau, LLC" takes its name.

21  34.   Furthermore, all actions taken for the benefit of Walden Chateau, LLC,

22  should be deemed and taken, for purposes of this Complaint, as the individual

23  actions with full personal responsibility on the part of Bruce Ly, Jr., Kim Fung Lee,

24  and Paul Dan Dao, and/or each and all of their co-conspirators, including but not

25  limited to Beverly Hills Platinum Realty, Cabot Capital, Inc., Donald Bergman,

26  Futura Investments, Inc., Yigal Tzfira, and Persai Behara.

27  35.   All of these named individuals and entities, together with Beverly Hills

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*
   *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1   Platinum Realty, Hillcrest Chateau, LLC, Bruce Ly, Jr., LLC, and Capricorn 3

2   Development, LLC, are believed and alleged herein to form a tight-knit web of co-

3   conspirators engaged in numerous schemes to defraud in and around Beverly Hills

4   and the west side of Los Angeles County, California who each at one time or

5   another either (a) invested in the acquisition of interest in or the establishment and

6   maintenance of interest in the establishment of Walden Chateau, LLC, which is an

7   enterprise engaging in or whose activities affect, directly or indirectly, interstate and

8   foreign commerce, (b) controlled this enterprise, (c) accepted employment or acted in

9   association with the Walden Chateau, LLC, or (d) conspired with the other

10  defendants to violate the provisions of 18 U.S.C. §§1962(a), (b), and (c).

11  36.     For predicate acts of racketeering, Plaintiff enumerates and identifies the

12  following actions, all taking place since July 2008, to wit:

13  37.     First Predicate Act: on October 13, 2009, in direct violation of 18 U.S.C.

14  §1341, Kim Fung Lee, "having devised or intending to devise any scheme or artifice

15  to defraud, or for obtaining money or property by means of false or fraudulent

16  pretenses, representations, or promises" and acting by and through her attorney

17  Alan F. Broidy, caused a letter to be sent to Plaintiff Theodore Kyriazis through the

18  U.S. mails, both by regular and certified U.S. Postal Service delivery.

19  38.     Said October 13, 2009, letter addressed to the Plaintiff in this case was written

20  and placed in the U.S. Mails at the behest of Defendant Kim Fung Lee for the

21  purpose of executing the herein described scheme or artifice to defraud, and to the

22  specific end of obtaining the real property known as 508 Walden Drive in Beverly

23  Hills or attempting so to do, at almost no "out of pocket" expense on Defendants'

24  part whatsoever, directly and therefore legally causing great injury to the Plaintiff.

25  39.     Second Predicate Act: On or about April 15, 2009, Mauricio Pensamiento,

26  acting as employee, associate, or agent of Kim Fung Lee, called Plaintiff on the

27  telephone in direct violation of 18 U.S.C. §1343, for the purpose of executing the

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*          10
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1   herein described scheme or artifice to defraud, and to the specific end of obtaining
2   the real property known as 508 Walden Drive in Beverly Hills or attempting so to
3   do, at almost no "out of pocket" expense on Defendants' part whatsoever, directly
4   and therefore legally causing great injury to the Plaintiff Theodore Kyriazis.

5   40.    Mauricio Pensamiento on this occasion was verbally threatening and abusive,
6   and warned Plaintiff the Defendant Kim Fung Lee "had a lot of money", was very
7   wealthy, and whether she was in the right or entirely wrong could tie up the Plaintiff
8   in Court for many years to defeat his purposes.

9   41.    Mauricio Pensamiento is not known to have any direct interest in the Walden
10  Chateau, LLC, but he is an interested party as a resident of 508 Walden Drive,
11  Beverly Hills, California 90210, and as Defendant Kim Fung Lee's associate or
12  employee, listed as "President/Broker Assoc" of Defendant Beverly Hills Platinum
13  Realty, and further believed to be Kim Fung Lee's "boyfriend" or paramour for
14  approximately 12 years.

15  42.    A truly extraordinary feature and aspect of the recently completed bankruptcy
16  proceedings in the Central District of California is that Bank of America never filed
17  an appearance as creditor, despite having a second lien worth nearly a million
18  dollars inferior only to Wells Fargo Bank's primary lien.

19  43.    Guyane Sadikian, appears to have committed, at an unknown time, an act of
20  "Financial Institution Fraud" 18 U.S.C. §1344 which (after discovery) may be
21  counted and included as a Third Predicate Act or series of acts under 18 U.S.C.
22  §1961---her manipulation of Bank of America's appearance in the related
23  bankruptcy case injured both Plaintiff's standing and permitted the Defendants to
24  obtain an unlawful and improper advantage relating to the second place lien/Deed
25  of trust on 508 Walden Drive in Beverly Hills.

26  44.    Defendant Guyane Sadikian is individual who uses 508 Walden Drive as one
27  of her several known mailing addresses, is an employee of Bank of America at the

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                    11
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

West Hollywood Banking Center and may have been instrumental in somehow avoiding the participation of Bank of America in the related proceedings in Bankruptcy Court, which may constitute a fraudulent manipulation of the Bankruptcy Process within the meaning of 11 U.S.C. §548.

45. Plaintiff submits that the entire course of conduct of the proceedings by putative Debtor Walden Chateau, LLC, in 2:09--bk--41693--PC, consisted of a series of fraudulent acts from the initial filing of Chapter 11, within the meaning of 18 U.S.C. §1961(D).

46. Plaintiff alleges that Defendants engaged in fraud in the filing of the Walden Chateau, LLC, Bankruptcy by "borrowing" Plaintiff's First and Second lien debt as if it were in Defendants' name to meet the jurisdictional minimum) through the conclusion (wiping out Plaintiff's Third place deed of trust---which (properly analyzed) was and remains a part of the Defendants downpayment to purchase Walden Chateau, LLC.

47. Plaintiff further alleges that Walden Chateau, LLC, was underfinanced from the beginning because there is no evidence that any of the Defendants ever endowed it with any capital investment at all, because the account that was created by contractual agreement to pay the Plaintiff was closed approximately two weeks after it had been opened and the one check which Plaintiff Theodore Kyriazis was allowed to write on the Walden Chateau, LLC, bank account (at the same West Hollywood Branch of Bank of America where Guyana Sadikian works (or worked at relevant times to this Complaint)---which is also the same West Hollywood Banking Center where Capricorn 3 Development, LLC, Bruce Ly, Jr., and Kim F. Lee all maintain personal and/or business accounts) was eventually cancelled and rescinded on grounds of "losing the check book" and for that reason cancelling the account, even though the same was required by Plaintiff's "conditional sales" contract with Defendants, dba Walden Chateau, LLC.

48.   Much more serious and substantial violations of 18 U.S.C. §1344 took place in connection with the purchase of 508 Walden Drive and were committed by Donal Bergman and Cabot Capital, in executing a Fourth Deed of Trust on October 10, 2008 for $150,000.00, a Fifth Deed of Trust also executed on October 10, 2008 for $125,000.00, both of which transactions were essentially preposterous attempts to "pile up debt" secured on 508 North Walden Drive, Beverly Hills, California 90210.

49.   The evidence of financial institution fraud and bankruptcy fraud in concealment of assets is contained in the fact that both the Fourth and Fifth Deed of Trusts were paid (and reconveyances executed) on December 24, 2009, just over a month after Walden Chateau's filing of Bankruptcy.

50.   The payment of these debts to Cabot Capital and its President Donald Bergman was neither part of the bankruptcy plan nor the ability of the putative debtor Walden Chateau, LLC, to pay $275,000.00 in subordinated, fourth and fifth place, debts less than six weeks after filing Chapter 11, Bankruptcy is utterly inexplicable when Walden Chateau, LLC, both failed and refused to pay property taxes and hazard and earthquake insurance on the property (it was left to 23 year old Bruce Ly, Jr., LLC to pay Farmers Insurance $1,248 in June of 2009).

51.   Of course, the primary purpose of the Walden Chateau, LLC, bankruptcy filing was to defraud the Plaintiff, and obviously the individual defendants were holding back funds which they COULD have paid to liquidate and reconvey the Plaintiff's higher ranked third Deed of Trust of only $200,000.00, since they did liquidate $275,000.00 in debt on Christmas Eve, 2009 (Plaintiff's right to payment of $200,000 or specific performance had matured in February-March 2009).

52.   On November 18, 2008, a SIXTH Deed of Trust with Assignment of Rents was filed against 508 Walden Chateau, LLC, by Yigal Tzfira, giving a Beverly Hills P.O. Box as address in the amount of $500,000.00.

53.   To say that fourth, fifth, and sixth place liens/deeds of trust constitute

*Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to Void Confirmed Chapter 11 Plan, Filed November 23, 2010*                   13

1  extremely unusual business practice is of course a radical understatement.  Liens of
2  such low priority will almost never be collectible "in the real world" and so such
3  loans, especially for $500,000.00, are rarely if ever awarded "in the ordinary course
4  of business."  The appearance of impropriety, of a violation of 18 U.S.C. §1344, the
5  inference of fraudulent intent on both sides, is simply overwhelming.

6  54.    In other words, the individual defendants purchased a piece of high end real
7  property at a "fire sale" price, made no capital investments, and then proceeded to
8  take out commercially ludicrous loans on said property.

9  55.    Yigal Tzfira's secured lien on the 508 Walden Drive property is "still active".

10  56.    Yigal Tzfira is in allegedly in the business of importing and exporting almost,
11  pistachios, prunes, raisins, and walnuts, but attended every hearing of the Walden
12  Chateau, LLC Bankruptcy proceedings.

13  57.    Finally, Kim Fung Lee granted and one Persai Behara received as beneficiary
14  a Deed of Trust dated January 31, 2009, for the final sum of $125,000.00.

15  58.    This constituted a seventh place lien (but there is also apparently an eighth,
16  this last one also from Kim Fung Lee to Yigal Tzfira---two Instrument numbers,
17  20090198135 and 20090198136, dated January 31 and 19, 2009, respectively, are
18  involved, as are two APNs: 4345-030-014 and 4366 0`8 006 also in the amount of
19  $125,000) is (or if two "are") the stuff of really bad jokes in real estate practice and
20  law, it is not a commercially imaginable type of loan to make, with any real
21  extension of credit---it (the seventh and possibly and eighth can only be described as
22  a "rancid icing on a fraudulent cake."

23  59.    Plaintiff Theodore Kyriazis alleges and will show that the Defendants herein
24  habitually and regularly agree and cooperate with each other in the purchase and
25  sale of "high end" real estate in Beverly Hills and surrounding areas, and that they
26  pose a threat of continuing criminal activity because they repeatedly engage in
27  tactics such as those described herein to acquire and maintain their interest in

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*
*Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

14

properties.   Indeed, just the callous cynicism with which the Defendants agreed and conspired to eliminate Plaintiff's interests in Bankruptcy proceedings boggles the imagination.

60.      WHEREFORE, Plaintiff Theodore prays that this Court will order the Defendants to be served with summons and fully to answer this Complaint, filed pursuant to 11 U.S.C. §1144 and Federal Rules of Bankruptcy Procedure 7001(4) to allow full discovery of facts to confirm the allegations of this Complaint and prepare for trial, and that on final trial-by-jury of all facts and mixed questions of law and fact so triable, that Plaintiff shall have judgment not only that the Confirmation Order should be voided, but that the Defendants' Walden Chateau, LLC, all its activities, and its resulting filing of bankruptcy were both fraudulent, under 11 U.S.C. §§157 and 548, and 18 U.S.C. §1961(D), so that Plaintiff is entitled to "pierce the corporate veil", disregard the "entity" structure of Walden Chateau, LLC, and hold each Defendant fully and personally liable for all of Plaintiff's injuries, inflicted on his business and property interests in violation of 18 U.S.C. §1962(a), (b), (c), and (d), and recoverable as a matter of trebled damages under 18 U.S.C. §1964(c) as described herein more fully below.

## COUNT II: THE WALDEN CHATEAU DEFENDANTS VIOLATED THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT CAUSING PLAINTIFF TO SUFFER BUSINESS & PROPERTY INJURY

61.      18 U.S.C. §§1962(a)-(d), 1964(c); R.I.C.O.

62.      Plaintiff realleges ¶¶1-24 fully and incorporates the same by reference, as if fully copied and restated herein below.  Plaintiff incorporates all such factual allegations in ¶¶25-60 and the Plaintiff's November 18, 2010 RICO statement filed in this case as are necessary to consistently support the allegations of this county.

63.      The rapid succession of events means that Plaintiff's full and clear understanding of the Defendants' course of conduct must await discovery and

possibly trial, so that Plaintiff must and still does reserve the right to further amend and/or supplement his Complaint in this case, to the maximum degree allowable by the Court under the Federal Rules of Civil Procedure. It is very difficult accurately to "hit" a moving target, unless one uses techniques such as the grenade launcher or howitzer approach to gophers in golf courses described above as characteristics of the Defendants' modus operandi, which necessarily violates Federal Law.

64.   18 U.S.C. §1962(a): Defendants Bruce Ly, Jr. & Kim Fung Lee have each, jointly and severally, received income derived, directly or indirectly, from a pattern of racketeering activity in which Bruce Ly, Jr. (individually and in her capacity as CEO of Beverly Hills Platinum Realty and manager of both Studio 4 Equity Group, LLC, and the RICO enterprise known as Walden Chateau, LLC) has participated and continues to participate as a principal within the meaning of section 2, title 18, United States Code [18 USCS § 2], and for this reason it was therefore at all times unlawful for Bruce Ly, Jr. and/or Kim Fung Lee to use or invest, directly or indirectly, any part of such racketeering income, or the proceeds of such racketeering income, in acquisition of any interest in, or the establishment or operation of Walden Chateau, LLC, a racketeering and corrupt organization and enterprise which was and remains engaged in, or the activities of which affect, both interstate and foreign commerce.

65.   It is entirely unknown to Plaintiff at the present time what was the true origin or disposition of the money from the November 10, 2010, sale of the Walden Drive property, but Plaintiff suspects and reserves the right to allege further predicate acts of false name or Banking Fraud in violation of 18 U.S.C. §§1342-1344.

66.   Dr. Kim Fung Lee, Bruce Ly, Jr., and Paul Dan Dao utterly failed or refused adequately to capitalize or invest funds for the legitimate operation and support of Walden Chateau, LLC, and Bruce Ly, Jr., LLC, Hillcrest Chateua, LLC, Champion 3 Developments, LLC, Studio 4 Equity Group, LLC, together with Mauricio

1  Pensamiento, Donald Bergman, and Guyane Sadikian paid LLC expenses with

2  personal funds, or else supported the LLC with fraudulently obtained loans in

3  violation of 18 U.S.C. §1344, hopelessly comingling their personal affairs with those

4  of the LLC, to the point that the LLC was the mere alter-ego of the equity owners

5  AND non-equity beneficial users of the property, including the beneficiaries of

6  Deeds of Trust used to extract money from banks by fraudulent transactions.

7  67.    The predicate acts of upon which this RICO complaint rely are enumerated

8  and described in ¶¶25-60 above under the heading of "Count I: Disregard of

9  Corporate Entity and Demand to Void Confirmation of Chapter 11 Bankruptcy

10  Plan," as well as in Plaintiff's November 18, 2010 RICO case statement, both of

11  which, together with all portions of this First Amended Complaint dealing with the

12  November 10, 2010, sale to Nadid H. Massoud and Naghme Nicki Saedi (as

13  reflected in the Beverly Hills Escrow documents or (as the public records reflect at

14  this point in time) to Naghme Nicki Saedi alone.

15  68.    One of these acts on the part of Mauricio Pensamiento (taken in his individual

16  capacity and as "President" of Beverly Hills Platinum Realty) constituted criminal

17  extortion of Plaintiff Theodore Kyriazis by threat of wrongful economic injury or

18  harassment by litigation, and Plaintiff was thereby injured in his business or property

19  thereby.

20  69.    Wherefore by reason of Defendant's Bruce Ly, Jr.' predicate acts and

21  violations of 18 U.S.C. §1962(a), Plaintiff prays for treble his actual, direct and

22  indirect, special and consequential, punitive and exemplary damages against Bruce

23  Ly, Jr., Paul Dan Dao, Mauricio Pensamiento, Yigal Tzfira, and Kim Fung Lee in

24  the amount of $9,500,000.00.

25  70.    18 U.S.C. §1962(b): Plaintiff realleges ¶¶1-69 as well as his November 18,

26  2010 RICO Case Statement submitted in this case and incorporates the same by

27  reference as if fully copied and restated herein below.

28

71.     Defendants Dr. Kim Fung Lee, Bruce Ly, Jr., Paul Dan Dao, Beverly Hills Platinum Realty, and Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion Developments, LLC, through a pattern of racketeering activity unlawfully acquired or maintained and still maintains, directly or indirectly, her interest in or control of the Walden Chateau, LLC, which is an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

72.     Defendant Dr. Kim Fung Lee' first predicate acts were incidents of banking or financial institution fraud in violation of 18 U.S.C. §1344 when she took out the false and fraudulent fourth, fifth, sixth, seventh (and eighth?) liens/Deeds of Trust on 508 Walden Drive in Beverly Hills, California 90210.

73.     Plaintiff submits that the U.S. Bankruptcy Trustee was negligent in the execution of his office for failure to investigate the Fourth-Seventh (or Eighth) liens and to audit/demand accounting of the Debtor at least, for the true nature and substance of these transactions.

74.     Defendant Kim Fung Lee' second predicate act or set of predicate acts was to file the Walden Chateau, LLC, Bankruptcy itself, when not only was the LLC an undercapitalized sham supported by direct contributions from the residents, when Walden Chateau, LLC, had to depend either on debts in the name of Theodore Kyriazis or on the Fourth-Seventh (Eighth?) liens and deeds of trust to reach the minimum debt threshold.

75.     During the months of April-August, as noted, Maurcio Pensamiento made his threatening call or calls followed by Kim Fung Lee's final action directly against Plaintiff when she directed her lawyer Alan F. Broidy to contact him by letter or letters, in furtherance of the Walden Chateau, LLC, Scheme to Defraud.

76.     Of course, the final violations of 18 U.S.C. §§157, 1344 were the reconveyances taking place AFTER the filing of Bankruptcy by Walden Chateau, LLC, in December of 2009.

77.    Wherefore by reason of Defendant Kim Fung Lee' violations of 18 U.S.C. §1962(b), Plaintiff prays for all his actual, direct, indirect, consequential, and special damages, as well as exemplary and punitive damages, trebled, in the amount of $9,500,000.00.

78.    18 U.S.C. §1962(c): Plaintiff realleges ¶¶1-77, as well as all relevant and supporting facts contained within his RICO Case Statement submitted to this Court on or about November 18, 2010, and incorporates the same by reference as if fully copied and restated herein below.

79.    Dr. Kim Fung Lee and Mauricio Pensamiento were and remain employed by Beverly Hills Platinum Realty, and possibly also by Studio 4 Equity Group, LLC, while Bruce Ly, Jr., and Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion 3 Developments, LLC, Donald Bergman, Persai Behara (Mirage Title, Inc.) and Guyane Sadikian were all associated with both Beverly Hills Platinum Realty or Walden Chateau, LLC, which was and remains (albeit perhaps now transformed through sales to the Studio 4 Group, LLC, and on November 10, 2010, to either Nadid H. Massoudi and Naghme Nicki Saedi, or to Naghme Nicki Saedi exclusively). an enterprise with no regular or legitimate business except for providing low cost, high end residential living for the Defendants.

80.    The individual "associate" defendants are engaged in, or the activities of whom affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of Beverly Hills Platinum Realty, Capricorn 3 Developments, LLC, Futura Invesments, Inc., Hillcrest Chateau, LLC, and Walden Chateau's enterprise's affairs through a pattern of racketeering activity.

81.    Defendants Dr. Kim Fung Lee, Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion 3 Developments, LLC, Beverly Hills Platinum Realty, Mauricio Pensamiento, Donald Bergman, and Guyane Sadikian, and Bruce Ly, Jr. each

1  jointly and severally were directly or indirectly employed by or associated with this

2  strange "fictitious" Walden Chateau, LLC.

3  82.   All Defendants invested money in sham entity itself and yet it appears, based

4  on the reconveyance history postdating the creation of the LLC, that a great deal of

5  income was derived from mortgaging 508 Walden Drive in the fourth, fifth, sixth,

6  seventh, and eighth mortgages.

7  83.   Wherefore by reason of Defendants Kim Fung Lee's, Paul Dan Dao,

8  Mauricio Pensamiento and Bruce Ly, Jr.'s joint and several violations of 18 U.S.C.

9  §1962(c), individually and in their capacities as managers/CEOs of Beverly Hills

10  Platinum Realty, Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion 3

11  Developments, LLC, Persai Behara (Mirage Title, Inc.) and Futura Investments'

12  Donald Bergman, and Guyane Sadikian, Plaintiff prays for all his actual, direct,

13  indirect, consequential, and special damages, as well as exemplary and punitive

14  damages, trebled, in the amount of $9,500,000.00.

15  84.   18 U.S.C. §1962(d).  Plaintiff realleges ¶¶1-83, as well as his RICO Case

16  Statement submitted to the Court in this case on November 18, 2010, and

17  incorporates the same by reference as if fully copied and restated herein below.

18  85.   Defendants Kim Fung Lee, Bruce Ly, Jr., Beverly Hills Platinum Realty,

19  Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion 3 Developments, LLC,

20  and Mauricio Pensamiento, Donald Bergman, and Guyane Sadikian together with

21  the hypothetical "arms length, bona fide purchasers" Nadid H. Massoudi and

22  Naghme Nicki Saedi, who, far from being "BFPs" are in fact alleged to have been

23  previously undisclosed "insiders" within the Walden Chateau, LLC, group of

24  original Defendants in this case, all agreed and conspired together to violate the

25  terms of §§1962(a), 1962(b), and 1962(c), in particular, by agreeing to each of the

26  predicate acts committed within the one year period between August 1, 2009, and

27  July 4, 2010, and by further agreeing to inflict wrongful and malicious injury on the

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                    20
   *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

1   Plaintiff Theodore Kyriazis, at all relevant times using the electronic wire and

2   telephonic facilities of interstate commerce and communication.

3   86.    Wherefore by reason of Defendants Kim Fung Lee' and Bruce Ly, Jr.' joint

4   and several violations of 18 U.S.C. §1962(d), individually and in their capacities as

5   managers/CEOs of Studio 4 Equity Group, LLC, Beverly Hills Platinum Realty,

6   Bruce Ly, Jr., LLC, Hillcrest Chateau, LLC, and Champion 3 Developments, LLC,

7   and Mauricio Pensamiento, Donald Bergman, and Guyane Sadikian, as employees

8   and/or independent associates acting in agreement and cooperation, and including

9   but not limited to the hypothetical BFPs: Nadid H. Massoudi and/or Naghme Nicki

10  Saedi,

11  87.    Plaintiff prays for all his actual, direct, indirect, consequential, and special

12  damages, as well as exemplary and punitive damages, trebled, in the amount of

13  $9,500,000.00.

14                    **JURY DEMAND AND PRAYER FOR RELIEF**

15        WHEREFORE, Plaintiff Theodore Kyriazis prays that this Court will cite

16  and summon the Defendants and set the above and foregoing complaint for trial-by-

17  jury at the earliest possible and practicable date, and that upon final trial-by-jury of

18  all facts so triable, demand for which is hereby made and tendered, that the Court

19  will enter judgment FOR the Plaintiff and AGAINST the Defendants and that the

20  Court will then and there award all of Plaintiff's actual and direct, consequential and

21  indirect, particular and special, exemplary and punitive damages in the minimum

22  amount of $9,500,000.00, and will then and there empower the Plaintiff to use all of

23  the facilities of the Court and invoke its power to execute said judgment against the

24  Defendants, jointly and severally.

                                        Respectfully submitted,

25

26  Tuesday, November 23, 2010

27                                      By:_____
                                        Theodoros Kyriazis, *in propia persona*

28  *Theodore Kyriazis' First Amended Complaint for R.I.C.O. Damages & to*                    21
    *Void Confirmed Chapter 11 Plan, Filed November 23, 2010*

## **PROOF OF SERVICE**

Plaintiff affirms and declares that prior to filing this Plaintiff's First Amended Complaint with the Court, he delivered a true and correct copy of the same on Marc Weitz, counsel for Kim Fung Lee, on Tuesday, November 23, 2010, by priority certified U.S. Mail, return receipt requested, to Kim Fung Lee's Defense Counsel at his last known Office Address:

Marc Evan Weitz
633 West 5th Street, Suite #2800
Los Angeles, California 90071

Defendant Kim Fung Lee is the only Defendant to have appeared and answered, at the time of the filing of this First Amended Complaint. Other Defendants will be served either personally by Friday, December 10, 2010, or by an through Counsel if they appear and answer or file responsive motions prior to Friday, December 3, 2010.

By: _____

Theodore Kyriazis, *in propia persona*
9903 Santa Monica Blvd., Suite 485
Beverly Hills, California 90212
Office: 310-278-9683
Fax: 310-278-9684

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:
# November 4, 2010 Recording of
# October 19, 2010
# Deed from Walden Chateau, LLC, to
# Studio 4 Equity Group, LLC,
# Both Managed by "Insider"
# Kim Fung Lee

**EXHIBIT A**

▲   This page is part of your document - DO NOT DISCARD   ▲

## 20101589086



Pages:
0003

**Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California**

**11/04/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |

▲   ▲



**L E A D S H E E T**

201011040140011

00003236842

002977128

**SEQ:
27**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

R29

▲   ▲

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDING REQUESTED BY:
Advantage Title Inc.

AND WHEN RECORDED MAIL TO:

Studio 4 Equity Group, LLC
9186 West Olympic Blvd.,
Beverly Hills, CA 90212





THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is 0.00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Beverly Hills,  **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Walden Chateau LLC, a California limited liability company**

hereby GRANT(s) to:

**Studio 4 Equity Group, LLC, a California Limited Liability Company,** pursuant to case no. 41693 FC

"This is a court-ordered conveyance or decree that is not pursuant to sale, R&T 11911"

the real property in the City of Beverly Hills, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  508 North Walden Drive, Beverly Hills, CA  90210
A.P. # 4345-030-014

**DATED October 19, 2010**
STATE OF CALIFORNIA
COUNTY OF  *Los Angeles*
On  *10-19-10*
before me,  *Michelle Kim*
A Notary Public in and for said State personally appeared
*Kim Fung Lee*

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature

Studio 4 Equity Group, LLC, a California Limited Liability Company

By:
Kim Fung Lee, its managing member

MICHELLE KIM
Commission # 1864426
Notary Public - California
Los Angeles County
My Comm. Expires Oct 7, 2013

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

# EXHIBIT "A"

The land referred to in this Report is situated in the County of Los Angeles, State of California, and is described as follows:

Lot 15 in Block 171 of Beverly Hills, in the City of Beverly Hills, County of Los Angeles, State of California, as per map recorded in Book 72 pages 14 to 19 inclusive of Maps, in the office of the County Recorder of said county.

APN: 4345-030-014

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.